UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA J. GILLARD,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>THE PRESIDENT AND FELLOWS AT HARVARD COLLEGE,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　C.A. No.　15-10052-LTS<br>)<br>)<br>)<br>) |

ORDER ON AMENDED APPLICATION TO PROCEED IN
<u>DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>

SOROKIN, D.J.

On January 9, 2015, plaintiff Lisa A. Gillard ("Gillard") filed a *pro se* complaint accompanied by an Application to Proceed in District Court Without Prepaying Fees and Costs ("Application").  By Order dated April 22, 2014, the Court denied without prejudice her Application as incomplete.  Additionally, the Order explained that the Court must determine whether plaintiff is unable to pay the filing fee and that this inquiry depends, in part, on her actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend who ordinarily provides her with the necessities of life.

On May 26, 2015, Gillard filed the following documents: (1) a verified response to the Court's April 22, 2015 Order, (2) a renewed Application to Proceed in District Court Without Prepaying Fees and Costs, and (3) a copy of the 2013 Annual Report for Gillard's Illinois charity, "The Gillard Institute, Inc."  *See* Docket No. 7.

The first-page of Gillard's verified response explains that she is attaching an amended Application along with a copy of the annual report for plaintiff's nonprofit charity.[1]  In the

---

[1]"The Gillard Institute, Inc." is a registered charity in Illinois which reported contributions of $2,300 in FY 2013.  *See* Docket No. 7-2.

amended Application, plaintiff states that she has no funds and is "not employed as [she is] a nonpaid volunteer at The Gillard Institute." *See* Docket No. 7-1.  In response to Question 5 on the Application, she states that she owns no "property or financial items *on public record*." *Id.* (emphasis added).  In response to Questions 6 and 8, plaintiff states that her only expenses and debts are bills from past creditors and student loans. *Id.*  However, she fails to provide the amount of the monthly expenses, the amounts owed and to whom they are payable.  More importantly, she failed to include a detailed statement explaining how she supports herself and the financial disclosures of any persons who would ordinarily provide her with the necessities of life.

Although the Court recognizes that Gillard appears to have limited income, apparently from donations to her charity, she failed to comply with the Court's order for a detailed statement explaining how she supports herself and the financial disclosures of persons who provide her with the necessities of life.  Although Gillard's response includes a copy of the 2013 Annual Report filed with the State of Illinois, she failed to include copies of the attachments that accompanied the report.  Additionally, it appears to this Court that Gillard may be attempting to underplay her assets by implying that any property she may own is not "on public record."

Gillard has not sufficiently demonstrated to this Court that she, or the person(s) who support her, are without sufficient funds to pay the filing fee, notwithstanding her limited income.  Because this incomplete record does not enable to the Court to determine whether Gillard is indigent within the meaning of the *in forma pauperis* statute, her renewed Application is denied.

Based on the foregoing, it is hereby Ordered that  Plaintiff's Amended Application to

Proceed in District Court Without Prepaying Fees or Costs (Docket No. 7) is DENIED.  Gillard shall pay the $400.00 filing and administrative fees within thirty-five (35) days of the date of this Memorandum and Order or this action shall be dismissed without prejudice.

    SO ORDERED.

  June 17, 2015                                             /s/ Leo T. Sorokin
DATE                                                      LEO T. SOROKIN
                                                            UNITED STATES DISTRICT JUDGE